IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02611-CMA-NYW

STRATUS REDTAIL RANCH LLC,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,
WWD LIMITED LIABILITY COMPANY, *a/ka/a* WWD, LLC, and
KAREN K PRATT-KRAMER, *f/k/a* Karen K. Landers,

    Defendants.

## ORDER DENYING DEFENDANT IBM'S MOTION IN LIMINE

This matter is before the Court on Defendant International Business Machines Corporation's ("IBM") Motion *in Limine* (Doc. # 167) to exclude evidence regarding costs that Plaintiff Stratus Redtail Ranch LLC incurred pursuant to a settlement agreement with the Colorado Department of Public Health and Environment ("CDPHE"). For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

The Court provided a detailed recitation of the factual and procedural background of this case in its January 18, 2022 Order Denying Defendants' Motions for Summary Judgment (Doc. # 156) and its June 14, 2022 Order Granting Plaintiff's Rule 702 Motion (Doc. # 176). Therefore, the Court incorporates that recitation and recounts only the facts necessary to address the Motion *in Limine*.

To summarize, this is an action for contribution for remediating hazardous waste on a 290-acre parcel of land in Weld County, Colorado ("the Property"). (Doc. # 156 at 1.) Plaintiff purchased the Property in July 2015 with the intention of using it for residential real estate development. (*Id.* at 4.) In 2016, after receiving reports that drums of hazardous waste had been disposed of on the Property and reviewing soil vapor studies, CDPHE required Plaintiff to further investigate the Property. (*Id.* at 5.) On November 28, 2017, Plaintiff entered into an Administrative Settlement Agreement and Order on Consent for Removal Action ("ASAOC") with the United States Environmental Protection Agency ("EPA") to remove drums and contaminated soils from the Property. (Doc. # 167-1.) The ASAOC constituted an administrative settlement pursuant to which Plaintiff "resolved liability" under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.* (*Id.* at ¶ 88.) On May 16, 2018, Plaintiff also entered into a Compliance Order on Consent ("COC") with CDPHE to undertake corrective measures to address violations of the Colorado Solid Wastes Disposal Sites and Facilities Act, Colo. Rev. Stat. § 30-20-113 ("Solid Waste Act"). Specifically, Plaintiff is required to take steps to remediate and close the historic landfill at issue on the Property following the drum removal performed under the ASAOC. (Doc. # 172 at 6–7.)

On November 12, 2019, Plaintiff filed this action pursuant to CERCLA, 42 U.S.C. § 9601, *et seq.* (Doc. # 1.) Plaintiff seeks declaratory relief and contribution from Defendant IBM, which contracted to haul the drums of hazardous chemical waste from

IBM's facility to the Property in the 1960s, and Defendants WWD and Kramer, the previous owners of the Property.

Originally, Plaintiff sought to recover its response costs under both Section 107(a) and Section 113(f)(3)(B) of CERCLA. (Doc. # 1.) Defendants moved to dismiss Plaintiff's Section 107(a) claim on the ground that a party cannot maintain a claim under Section 107(a) where it has alleged a viable claim for contribution under Section 113(f)(3)(B) for the same costs. (Doc. # 28 at 9–15.) The Court agreed and granted Defendants' motion to dismiss on the basis that a party that can bring a contribution claim under Section 113(f) cannot also maintain a separate claim for the same costs under Section 107(a). (Doc. # 81 at 10–13.)

In the instant Motion *in Limine*, IBM now seeks to exclude all evidence of Plaintiff's costs incurred under the COC based on a recent change in law. (Doc. # 167.) Plaintiff filed a Response (Doc. # 172) arguing that IBM's motion *in limine* is improper and misreads the new authority. As an alternative measure, Plaintiff filed a Motion to Reconsider and Motion for Leave to File Second Amended Complaint in the Event the Court Grants IBM's Motion *in Limine* (Doc. # 173), wherein Plaintiff asks the Court for leave to reassert its claim for cost recovery under Section 107(a) if the Court agrees with IBM that COC costs are no longer recoverable under Section 113(f)(3)(B).

## II.     DISCUSSION

IBM contends that the Supreme Court's decision in *Territory of Guam v. United States*, 141 S. Ct. 1608 (2021), renders irrelevant any evidence that Plaintiff may offer relating to its COC costs because such costs may no longer be recovered in a

contribution action under Section 113(f)(3)(B). (Doc. # 167 at 6–7.) In response, Plaintiff argues that IBM mischaracterizes *Guam* and contends that it may still properly recover costs associated with the COC under Section 113(f)(3)(B) because they are included in Plaintiff's obligations under the ASAOC. (Doc. # 172.)

**A.   APPLICABLE LAW**

Section 107(a) and Section 113(f) are distinct provisions of CERCLA that allow private parties to recover expenses associated with cleaning up contaminated sites. 42 U.S.C. §§ 9607(a), 9613(f); *United States v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007). As relevant to this case, Section 113(f)(3)(B) provides that "[a] person who has resolved its liability to the United States or a State for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement." Prior to *Guam*, the Supreme Court made clear that Sections 107 and 113 provide "causes of action 'to persons in different procedural circumstances'" and that cost recovery under Section 107(a) and contribution under Section 113(f) are two "clearly distinct remedies." *Atlantic Research*, 551 U.S. at 138–39 (quoting *Cooper Industries, Inc. v. Aviall Servs. Inc.*, 543 U.S. 157, 161 (2004)). Accordingly, "every federal court of appeals to have considered the question since *Atlantic Research* . . . has said that a party who *may* bring a contribution action for certain expenses *must* use the contribution action, even if a cost recovery action would otherwise be available." *Whittaker Corp. v. United States*, 825 F.3d 1002, 1007 (9th Cir. 2016). Applying this well-settled principle, this Court previously

determined that Plaintiff could proceed only on a claim for contribution under Section 113(f) and dismissed Plaintiff's cost recovery claim under Section 107(a). (Doc. # 81.)

In *Guam*, the question before the Supreme Court was whether a party must resolve a CERCLA-specific liability in order to trigger the right to contribution under Section 113(f)(3)(B) or "whether a broader array of settlements involving environmental liability will do." 141 S. Ct. at 1611. The case arose from a settlement that Guam entered into with the United States to remediate a site after the EPA sued Guam under the Clean Water Act. *Id.* The D.C. Circuit determined that Guam possessed a contribution claim under CERCLA against the United States for the U.S. Navy's construction and use of the dump based on this settlement. *Id.* Because the D.C. Circuit determined that Guam could assert a contribution claim under Section 113(f), the court concluded that Guam could not also assert a cost recovery claim under Section 107(a). *Id.* at 1612. Further, the statute of limitations for a Section 113(f) claim had expired. Accordingly, the D.C. Circuit dismissed the case. *Id.*

The Supreme Court reversed because it determined that Guam **never** had a viable contribution claim under Section 113(f). *Id.* Specifically, the Court held that a party may seek contribution under Section 113(f)(3)(B) only after settling a CERCLA-specific liability. *Id.* at 1615. Because Guam's consent decree with the EPA resolved Guam's liability under the Clean Water Act, rather than any provision of CERCLA, the Supreme Court concluded that Guam could not pursue a contribution claim under Section 113(f)(3)(B) and the D.C. Circuit therefore erred by dismissing Guam's Section 107(a) cost recovery claim on that basis. *Id.* at 1613. Stated more colorfully, the

Supreme Court declined "to treat § 113(f)(3)(B) as a free-roving contribution right for a host of environmental liabilities arising under other laws." *Id.* Thus, in order to "trigger" a right to contribution under Section 113(f)(3)(B), a settlement must "expressly discharge[] a CERCLA liability." *Id.*

**B.   ANALYSIS**

The Court disagrees with IBM that *Guam* renders irrelevant evidence of Plaintiff's costs incurred under the COC in the instant action. *Guam* addressed a scenario in which the parties entered a settlement that did not resolve liability under CERCLA or implicate CERCLA at all; rather, the parties resolved liability under a different federal environmental statute entirely. Thus, in *Guam*, the right to contribution under Section 113(f)(3)(B) was never "triggered." In contrast, it is undisputed in this case that the ASAOC resolved Plaintiff's liability under CERCLA and therefore "triggered" Plaintiff's right to seek contribution under Section 113(f)(3)(B). As such, this action does not run afoul of the Supreme Court's holding that a contribution claim must begin with a settlement resolving a CERCLA-specific liability.

Although IBM attempts to separate Plaintiff's costs of recovery into distinct federal and state buckets, the Court sees no such result mandated by *Guam*. In *Guam*, the Supreme Court merely required that a settlement resolve a CERCLA-specific liability to "trigger" a right to contribution. That right was trigged in this case by the ASAOC. Moreover, the ASAOC contemplated Plaintiff's continuing remediation measures under the COC as an ongoing settlement obligation. *See* 42 U.S.C. § 9613(f)(3)(B) ("A person who has resolved its liability to the United States or a State for some or all of a response

action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution . . . ."). On October 15, 2018, EPA's designated On-Scene Coordinator ("OSC"), Joyce Ackerman, sent Plaintiff a letter approving Plaintiff's final report and indicating that all removal work had been fully performed in accordance with the ASAOC. (Doc. # 172-1 at 3.) The letter also stated that Plaintiff was not relieved of "continuing obligations" under the ASAOC. (*Id.*) One of Plaintiff's consultants responded to Ms. Ackerman and asked her to confirm that there were no other post removal site controls or continuing obligations contemplated by the ASAOC "other than complying with the state order." (Doc. # 172-2 at 2.) Ms. Ackerman confirmed that "EPA's expectation is that any post-removal site controls will be conducted pursuant to CDPHE's Order with Stratus." (Doc. # 172-3 at 2.)

For these reasons, the Court rejects IBM's argument that *Guam* precludes Plaintiff from providing evidence of costs incurred under the COC. The Court also notes that the Supreme Court "express[ed] no opinion" on other portions of the D.C. Circuit's reasoning—including that a party who may pursue a viable contribution claim cannot also pursue a cost recovery action. *Guam*, 141 S. Ct. at 1612, 1612 n.2. That law thus remains unchanged.

Finally, the Court acknowledges Plaintiff's argument that IBM's motion is an improper dispositive motion. (Doc. # 172 at 4.) *Guam* was decided on May 24, 2021, and the dispositive motion deadline in this case was August 31, 2021. (*Id.*) Therefore, IBM had three months to file a dispositive motion based on *Guam* but instead chose to raise the issue more than a year later, on the eve of trial, as a motion *in limine* seeking

7

to preclude Plaintiff from entering evidence relating to its COC costs. (*Id.* at 1, 4.) The Court agrees with Plaintiff that IBM should have—and certainly could have—raised its argument relating to *Guam* as a dispositive motion much earlier in this case. This type of motion *in limine* is disfavored and inappropriate under this Court's practice standards. *See Dry Clean Super Center, Inc. v. Kwik Industries, Inc.*, No. 08-cv-00578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012) ("In the guise of a motion *in limine*, Defendants here have essentially brought a new motion for summary judgment on Plaintiff's trademark claims . . . . The Court will not allow Defendants to circumvent its practice standards and the Rules of Civil Procedure by raising a substantive legal issue in a motion *in limine*.").

Nevertheless, the Court has reviewed the motion *in limine* and *Guam* and concludes that *Guam* does not require precluding evidence of Plaintiff's COC costs because such costs are contemplated by the ASAOC, which resolved Plaintiff's CERCLA liability and thus triggered Plaintiff's right to contribution under Section 113(f)(3)(B). IBM's Motion *in Limine* is denied.

### III.      CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Defendant IBM's Motion in Limine to Exclude Evidence Regarding Stratus's COC Costs as Not Relevant to This Lawsuit (Doc. # 167) is DENIED.

- Plaintiff's Motion for Status Conference Regarding IBM's Motion in Limine (Doc. # 170) is DENIED.

- Plaintiff's Motion to Reconsider and Motion for Leave to File Second Amended Complaint in the Event the Court Grants IBM's Motion in Limine (Doc. # 173) is DENIED AS MOOT.
- Defendant IBM's Motion for Leave to File Reply in Support of its Motion in Limine (Doc. # 178) is DENIED AS MOOT.

DATED: June 16, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge